101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Dan AUSTIN, Defendant-Appellant.
 No. 95-1177.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 Appearing for Appellant:Martin Geoffrey Goldberg, New York, NY.
 Barry M. Fallick, Rochman Platzer Fallick & Sternhaim, New York, NY.
 Appearing for Appellee: Lauren J. Resnick, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY.
 E.D.N.Y.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Appeal from the United States District Court for the Eastern District of New York (Weinstein, Judge).
 Present: GRAAFEILAND, MESKILL, WINTER, Circuit Judges.
 
 
 1
 Dan Austin appeals from his conviction and sentence entered after a jury trial before Judge Weinstein. Austin was convicted of two counts of mail fraud (counts 1 and 2), two counts of fraudulently obtaining student loans (counts 3 and 4), twenty-two counts of attempting to fraudulently obtain student loans (counts 5-26) and sixteen counts of social security fraud (counts 27-42). He was sentenced to a prison term of thirty-three months, three years supervised release, and a $2,100 special assessment.
 
 
 2
 Austin argues that: (i) his conviction on counts five through forty-two violate the ex post facto clause of the United States Constitution; (ii) there was insufficient evidence to support his conviction on counts three and four; (iii) evidence presented on the ex post facto counts led to "spillover prejudice" on the other counts; (iv) the district court improperly allowed Austin's ex-wife to testify as to her opinion regarding certain conversations; (v) the district court improperly instructed the jury; (vi) the district court erred in refusing to dismiss the indictment on Speedy Trial Act grounds; and (vii) the district court improperly calculated his sentence. The government concedes that counts five through forty-two are invalid on ex post facto grounds, see U.S. Const. Art. I, § 10, and we vacate Austin's convictions on those counts and remand for resentencing. Austin's additional arguments are without merit, and we therefore affirm his convictions on counts one through four.
 
 
 3
 Austin's argument that there was insufficient evidence to support his conviction on counts three and four, charging him with fraudulently obtaining student loans, is utterly baseless. In challenging the sufficiency of the evidence Austin bears a heavy burden. United States v. Keats, 937 F.2d 58, 62 (2d Cir.), cert. denied, 502 U.S. 950 (1991); United States v. Casamento, 887 F.2d 1141, 1156 (2d Cir.1989), cert. denied, 493 U.S. 1081 (1990). In reviewing such a challenge, we examine the evidence in the light most favorable to the government, United States v. Amato, 15 F.3d 230, 235 (2d Cir.1994), drawing all inferences and resolving all issues of credibility in its favor, United States v. Young, 745 F.2d 733, 762 (2d Cir.1984).
 
 
 4
 Two loan applications filed under the names Anthony Owens and Gregory Davis each contained some biographical information similar to that of the defendant. Handwriting and fingerprint analyses presented at trial prove that Austin handled and signed the loan applications submitted under Owens's and Davis's names. Additionally, one of Austin's former associates testified that Austin had boasted to him about his scheme to fraudulently obtain student loans, and Austin's former wife testified that she had signed fraudulent affidavits that Austin then used in applying for the loans.
 
 
 5
 Ultimately, checks in the amount of $6,900 and $3,900, made out to Owens and Davis respectively, were mailed to Austin's Brooklyn address. Both checks were cashed through a credit union account in Texas. Although there is some dispute as to whether Austin actually knew the owner of the account, a handwriting expert testified at trial that both checks were endorsed by Austin. Viewing the physical and testimonial evidence in the light most favorable to the government, we conclude that a rational jury could easily find that Austin fraudulently obtained the student loans in question. Moreover, we find that Judge Weinstein's charge to the jury that:
 
 
 6
 [a] defendant may obtain funds either physically by taking possession of them or by exerting legal control over the funds even though someone else ultimately used them was entirely proper. Thus, Austin's challenge to his conviction on counts three and four fails.
 
 
 7
 Austin argues that if any of counts five through forty-two are vacated on appeal, the remaining counts should also be vacated due to spillover prejudice from evidence that would not have otherwise been admitted. However, counts one and two charged Austin with perpetrating on-going schemes to fraudulently obtain student loans through the United States mail. These schemes involved acts from August 1989 through October 1990, which included the specific criminal acts charged in counts five through forty-two. The government could have introduced the same evidence at trial even if Austin had not been tried on the vacated counts. Austin's claim that he was prejudiced by spillover evidence on counts five through forty-two is therefore without merit. See United States v. Rooney, 37 F.3d 847, 855-56 (2d Cir.1994)(where the reversed and remaining counts arise out of similar facts, and the evidence introduced would have been admissible as to both, defendant has suffered no prejudice).
 
 
 8
 Austin further argues that the district court improperly denied his motion to dismiss the indictment on speedy trial act grounds because the government failed either to dismiss the complaint or to indict him within thirty days of his arrest. 18 U.S.C. § 3162(b). Although a defendant generally may not elect to waive the protections of the Speedy Trial Act, time may be excluded from the running of the speedy trial clock when a defendant's conduct causes or contributes to a period of delay. United States v. Gambino, 59 F.3d 353 (2d Cir.1995). Where a defendant affirmatively consents to a continuance in an attempt to gain a tactical advantage and where the resulting delay does not subvert the ends of justice, the defendant may not later assert a Speedy Trial Act violation for the period of the continuance. Id. at 360-61. United States v. Pringle, 751 F.2d 419, 434 (1st Cir.1984)(defense counsel may not simultaneously use the act as a sword and a shield).
 
 
 9
 Here, Austin, through letter by counsel, consented to a thirty day continuance. In consideration for acquiescing in this brief delay, the letter requested preliminary informal discovery--discovery that Austin would not otherwise have received prior to indictment. Given the relatively short period of the delay--thirty days--and the tactical advantage gained by Austin in receiving pre-indictment discovery, Austin is estopped from asserting a Speedy Trial Act violation. See Gambino, 59 F.3d at 360; Pringle, 751 F.2d at 434; United States v. Kucik, 909 F.2d 206 (7th Cir.1990)(where defendant actively participates in continuance covering discrete time period he cannot sand-bag court by citing that time under the speedy trial clock), cert. denied, 498 U.S. 1070 (1991).
 
 
 10
 Nor are we persuaded by Austin's suggestion that because some of the indictment mentions crimes that relate back to 1989, his conviction is barred by the statute of limitations. The crimes he refers to were not charged as a separate count, but rather were introduced as evidence of the on-going mail fraud scheme charged in counts one and two. Such evidence was probative of the existence and scope of the illicit activity, Austin's identity as the perpetrator of the fraud, and the use of the mails in furtherance thereof. This claim is therefore meritless.
 
 
 11
 Austin also argues that Judge Weinstein erred in admitting testimony by Austin's ex-wife about certain statements Austin made to her prior to trial on the ground that such testimony constituted inadmissible opinion evidence. However, Judge Weinstein struck the "characterization" parts of her testimony from the record and instructed the jury not to consider them. This was sufficient to cure any defect which may have existed. In any event, any error was harmless in light of the overwhelming evidence against Austin.
 
 
 12
 Although we remand for resentencing in light of the government's agreement to vacate counts five through forty-two of the conviction, we address several of Austin's concerns about his sentence here. First, Austin's argument that Judge Weinstein's calculation of loss under U.S.S.G. § 2F1.1 overstates the seriousness of his crime is without merit. Austin contends that because his scheme was unlikely to succeed in large part, he should not be held accountable for the full extent of the fraud. However, where the intended loss exceeds the actual loss from the crime, the intended loss is used to calculate the applicable sentencing range. U.S.S.G. § 2F1.1, comment. (n.7). The facts that the defendant was incompetent and the scheme was likely to fail does not alter the amount of intended loss. See United States v. Mucciante, 21 F.3d 1228 (2d Cir.), cert. denied, 115 S. Ct. 361 (1994).
 
 
 13
 Austin's contention that Judge Weinstein improperly "ordered" that his medical license be revoked is unsupported by the record. Although Judge Weinstein noted that, based on Austin's conviction, a state licensing board might revoke Austin's license to practice medicine, no such order is contained in the judgment of conviction. This ground for resentencing is therefore unavailing.
 
 
 14
 We therefore vacate Austin's conviction on counts five through forty-two, remand for resentencing, and affirm Austin's conviction on counts one through four.